### California Artificial Stone Paving Co. *v.* Starr *et al.*

#### *(Circuit Court, N. D. California.* December 14, 1891.)

**Patents for Inventions—Infringement—State Statute of Limitations.**
  As the constitution of the United States and the legislation of congress have given the national government exclusive control of the subject of patents, state statutes of limitations do not apply to suits for infringement, even in the absence of any national statute of limitations applicable thereto.

At Law. Suit by the California Artificial Stone Paving Company against Mary A. Starr and others for infringement of a patent. Plea of the state statute of limitations, and demurrer thereto. Demurrer sustained.

*Edmund Tauszky,* for plaintiff.
*Parker & Eells,* for defendants.

HAWLEY, J., *(orally.)* This is a suit at law to recover damages for an alleged infringement of a patent. Defendants, in their answer, plead the statute of limitations of the state of California. Plaintiff demurs to this portion of the answer, and also moves to strike out the pleas setting up the statute of limitations. The judiciary act provides that the circuit court shall have original jurisdiction "of all suits at law or in equity arising under the patent or copyright laws of the United States." Rev. St. U. S. § 629, subsec. 9. It also provides that "the laws of the several states, except where the constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States, in cases where they apply." Rev. St. U. S. § 721. Under this section, is the state statute of limitations applicable to patent cases? This ques-

tion, it seems, has never been decided by the supreme court of the United States. There are, however, numerous decisions in the several circuit courts, but they are not uniform upon the subject. The greater number of the decided cases, and, in my opinion, the weight of reason, is to the effect that the state statutes have no application to such cases. In *Read* v. *Miller*, 2 Biss. 14, McDONALD, J., in support of this view, said:

"The constitution of the United States has given to the national government exclusive control of the whole subject-matter of patent-rights for new and useful inventions. No state, therefore, can pass any valid law concerning them. It is not any state law, nor even the common law, that authorizes the action under consideration. It is given by the act of congress of July 4, 1836. And this act, as I construe it, gives the United States circuit courts exclusive jurisdiction over the whole subject-matter. No state court can adjudicate upon the question of a violation of a patent-right. Questions touching these rights may incidentally arise in the state courts, and be decided by them. But, I repeat, no state court can try a case like the one now under consideration. The policy of the national government in thus putting the whole subject-matter for new and useful improvements and inventions under the control of congress and the United States courts evidently was to provide a uniform rule concerning the same throughout the United States, so that patentees shall everywhere have the same rights and the same remedies. And this is eminently proper, for the whole subject is one not of local, but of national, concern. But no such policy is deducible from section 34 of the judiciary act. Indeed, that section plainly indicates a contrary policy, for, in regard to the matters which it embraces, it destroys the uniformity of the rules of decision in the national courts, and requires them to conform to the laws of the respective states, however various and contradictory those laws may be. Since, then, no state has any power to legislate concerning patent-rights, and no state court has jurisdiction to adjudicate concerning a violation of them, it can hardly be supposed that a state may nevertheless pass statutes of limitation concerning them which shall control national courts concerning their infringement. It ought not to be presumed that the state legislature, in passing a statute of limitations, ever intended it to extend to patent-right litigations, since such litigation cannot arise in a state court. Nor ought the presumption to be indulged that section 34 of the judiciary act could have been intended to authorize state legislatures to pass statutes of limitation on subjects over which the states have no control. Moreover, it should be noted that section 34 of the judiciary act only makes the laws of the several states rules of decision in the national courts 'in cases where they apply.' Now, it appears to me that these state laws do not apply in cases over which the state governments have no control whatever, and which are under the exclusive control of the general government."

This decision was rendered in 1867. Congress, in 1870, passed an act providing a limitation for the commencement of such suits. This act was repealed in 1874, and there is not now any national statute upon the subject. In 1883, LOWELL, J., in *Hayden* v. *Oriental Mills*, 15 Fed. Rep. 605, decided that state statutes were applicable to patent as well as other cases. His opinion is by far the ablest delivered in favor of that view; but it is not sustained by the more recent decisions. The authorities upon this subject are nearly all cited in 3 Rob. Pat. § 890, and Walk. Pat. § 477. In *McGinnis* v. *Erie Co.*, 45 Fed. Rep. 91, in

the circuit court of Pennsylvania, decided in December, 1890, the judges held that a state statute of limitations is not pleadable in bar of an action at law for infringement of a patent, following the previous decisions in that circuit, and citing the late decisions in other circuits in support of that view. The demurrer is sustained, and the pleas of the statute of limitations will be stricken out.